**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| **STEPHEN CRAIG MARSHALL** | ) | **CASE: A18-68707-JWC** |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to seventy-seven (77) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

4.

The Trustee requests proof of income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

6.

The Chapter 13 schedules fail to include complete employment information for Uber, thereby preventing the Trustee from evaluating the feasibility of the Chapter 13 plan in violation of 11 U.S.C. Section 1325(a)(6).

7.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the amount to be paid for attorney's fees upon pre-confirmation dismissal or conversion.

8.

The Chapter 13 plan proposes to pay $5,300 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

9.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 3rd day of January, 2019.

Respectfully submitted,

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064

## CERTIFICATE OF SERVICE

Case No: A18-68707-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
STEPHEN CRAIG MARSHALL
255 HUNTINGTON STREET
COVINGTON, GA  30016

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 3rd day of January, 2019.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303